IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

BRETT MORGAN,

    *Defendant*.

Case No. 23-CR-10072-EFM

**MEMORANDUM AND ORDER**

    Before the Court are various motions in limine brought by the Government (Docs. 43–47) and Defendant Brett Morgan (Doc. 53). Additionally, Defendant objects to the Government's witness list (Doc. 59). The Court held a hearing on August 12, 2024, and orally ruled on the motions and objections. This written order's purpose is to supplement the Court's oral rulings.

**A.    Uncontested Motions**

    The Government asked the Court to permit the Minor Victims ("MVs") in this case to hold a comfort item with them while they testify. Defendant has no objection to this request. Therefore, the Court grants the Government's motion.

    Due to the nature of the case, the Government asked this Court to read jury instructions at the end of trial, as opposed to at the beginning of trial. Defendant has no objection to this request. Therefore, the Court grants the Government's motion.

Defendant asks this Court to exclude evidence related to his possession or use of controlled substances and evidence of his criminal history. The Government responded that it has no intent to introduce such evidence at trial.[1] Therefore, the Court grants Defendant's motion.

**B.     Prophylactic Motions**

   *1.     Admission of the forensic interviews*

In the event that MV3 and MV4 are unable or unwilling to testify about their abuse due to their youthful ages and/or intimidation, the Government asks that it be allowed to introduce statements the MVs made during interviews with the forensic examiner under Federal Rule of Evidence ("FRE") 807. FRE 807, known as the residual exception, is a hearsay exception for statements "supported by sufficient guarantees of trustworthiness" and is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts."[2] Defendant objects, arguing that the residual exception should not be invoked when the witness is available to testify, except under extraordinary circumstances. The Court finds that this is the exact type of circumstance that qualifies as extraordinary.[3] The Court finds that the interviews, conducted by an unbiased third-party, are sufficiently trustworthy, and they are more probative than no testimony by either MVs. Thus, the forensic interviews meet the requirements of the residual exception to avoid the rule against hearsay.

---

[1] The Court notes that that Government reserves its right to raise these issues if Defendant first opens the door to this line of questioning. *See United States v. Ugalde-Aguilera*, 554 F. App'x 728, 733 (10th Cir. 2014) ("Admission of rebuttal evidence, particularly when the defendant 'opens the door' to the subject matter, is within the sound discretion of the district court." (further citations omitted)).

[2] Fed. R. Evid. 807.

[3] *United States v. Burgess*, 99 F.4th 1175, 1183 (10th Cir. 2024) ("Courts have employed the residual hearsay exception most extensively in admitting statements made by child witnesses, particularly in sexual abuse cases." (further citations, quotations, and alterations omitted)); *see also United States v. White Bull*, 646 F.3d 1082, 1094 (8th Cir. 2011) ("[A]lthough hearsay testimony should only be admitted under Rule 807 in exceptional circumstances, such exceptional circumstances generally exist when a child victim of sexual abuse is unable or unwilling to testify to a material issue regarding the abuse." (further citations, quotations, and alterations omitted)).

In the alternative, Defendant argues that even if this is an extraordinary circumstance, the Government can lay the foundation for the evidence's introduction during trial and move for admission at that time. Of course, if this situation arises during trial, the Government must still request to introduce the evidence and prove that it has met the legal threshold to do so. But if the Government meets those requirements, the forensic interview will not be barred from admission on hearsay grounds because the residual exception permits such statements.

In the event that the MVs do testify, but their testimonies are incomplete, undetailed, or difficult to follow, the Government asks that it be allowed to introduce statements that MV3 and MV4 made during interviews with the forensic examiner under FRE 801. FRE 801 allows the introduction of prior consistent statements to rehabilitate the declarant's credibility or memory as a witness when attacked on another ground.[4] Defendant argues that the Court cannot presently determine if such evidence is admissible and should prohibit the government from admitting such evidence unless and until the Court determines that the Government has met FRE 801's requirements. Again, if this situation arises during trial, the Government must still make a request to introduce the evidence and prove that it has met the legal threshold to do so. However, if the Government meets those requirements, the forensic interview will not be barred from admission on hearsay grounds because a declarant-witness's prior consistent statement is not hearsay.

    2.    *Admission of the Sexual Assault Nurse Examiner's (SANE) report*

The Government seeks to admit evidence of MV3's statements to the SANE under FRE 803(4). FRE 803(4) is a hearsay exception for statements made for the purposes of medical diagnosis or treatment. In response, Defendant does not dispute that FRE 803(4) is met; rather, he

---

[4] Fed. R. Evid. 801; *United States v. Magnan*, 756 F. App'x 807, 819 (10th Cir. 2018) (noting that 801(d)(1)(B)(ii) can be used to address an attack on a victim's inconsistency or faulty memory).

argues that the evidence should be excluded under Rules 401 and 403. Without contesting the efficacy of FRE 803(4), the SANE Report will not be barred from admission on hearsay grounds.

Regarding FRE 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[5] "To be sure, the bar for admission under Rule 401 is very low; the evidence need only provide a fact-finder with a basis for making some inference, or chain of inferences."[6] Obviously, the information in the report is relevant. The statements detail MV3's account of the abuse she purportedly endured at the hands of Defendant. These facts tend to make the allegations in the case more probable and are of consequence in determining the action—despite being prejudicial.[7] Thus, the SANE Report will not be barred from admission based on irrelevancy.

Yet, regarding FRE 403, relevant prejudicial matter may be excluded only when the prejudice is *unfair* and *substantially* outweighs the probative value. Given the nature of the charges, admission of the SANE's report does not unfairly prejudice Defendant and does not substantially outweigh the probative value of the evidence. As such, the SANE Report will not be barred from admission on FRE 403 grounds.

**C.     Contested Motions**

  1.     *Admission of Defendant's other crimes, wrongs, or bad acts*

The Government seeks to admit evidence that Defendant engaged in other acts of sexual molestation with MV1, MV3, and MV4. Specifically, the Government provides a list of 17 bullet

---

[5] Fed. R. Evid. 401.

[6] *United States v. Martinez*, 923 F.3d 806, 815 (10th Cir. 2019) (further citations and quotations omitted).

[7] *See United States v. Sides*, 944 F.2d 1554, 1563 (10th Cir. 1991) ("Relevant evidence is inherently prejudicial.").

points detailing various pieces of evidence that it wishes to admit. The Government argues that this evidence is admissible under three alternative theories: (1) FRE 414, (2) *res gestae*, or (3) FRE 404(b). Defendant argues that none of the evidence is admissible regardless of the theory.

      a.      Federal Rule of Evidence 414

In a criminal case in which a defendant is accused of child molestation, FRE 414 permits district courts to admit evidence that the defendant committed any other child molestation.[8] FRE 414(d)(2) defines "child molestation" as a crime under federal law or under state law involving:

> (A) any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child;
> (B) any conduct prohibited by 18 U.S.C. chapter 110;
> (C) contact between any part of the defendant's body—or an object—and a child's genitals or anus;
> (D) contact between the defendant's genitals or anus and any part of a child's body;
> (E) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on a child; or
> (F) an attempt or conspiracy to engage in conduct described in subparagraphs (A)–(E).

The Court finds that most of the Government's proffered evidence is clearly admissible under this rule. For instance, possession of child pornography is prohibited by 18 U.S.C. 2252A(a)(5)(B), which falls under FRE 414(d)(2)(B). Bullet points 16–17 are evidence of such conduct.[9] Likewise, production of child pornography is prohibited by 18 U.S.C. § 2251(a), which falls under FRE 414(d)(2)(B). Bullet points 8–9 are evidence of such conduct.[10] Lastly, attempted

---

[8] Fed. R. Evid. 414(a).

[9] (16) Additional images and videos of child pornography were located on multiple devices belonging to Defendant. (17) A screenshot located on Defendant's Samsung Galaxy that was created on January 7, 2023, and shows MV2 undressed with the focal point zoomed in to MV2's genitals. This screenshot was taken from a video created on December 22, 2022, in which MV2 and MV1 undress and take a bath together in Defendant's bathtub.

[10] (8) MV3 witnessed Defendant take a picture of MV1's genitals with his phone. (9) Defendant showed MV3 the photograph of MV1's genitals.

production of child pornography is prohibited by 18 U.S.C. § 2251(a), which falls under FRE 414(d)(2)(B). Bullet point 10 is evidence of such conduct.[11]

Moreover, FRE 414(d)(2)(C) permits evidence of a crime under federal or state law prohibiting contact between any part of the defendant's body and a child's genitals. Bullet points 1–5 are evidence of such conduct.[12] Defendant argues that the Court should categorically deny this evidence because the Kansas law prohibiting this conduct also prohibits a broad range of other conduct.[13] The Court is not persuaded by this argument, and no binding Tenth Circuit precedent dictates such a finding.[14]

Lastly, FRE 414(d)(2)(F) prohibits an attempt to, among other things, engage in contact between any part of the defendant's body and a child's genitals. Bullet point 7 is evidence of such conduct.[15] The Court is not convinced that the probative value of this evidence is substantially outweighed by unfair prejudice to Defendant.[16] Therefore, the Government may raise bullet points 1–5, 7–10, and 16–17 as proper under FRE 414.

---

[11] (10) Defendant tried to take a picture of MV3's "private part."

[12] (1) Defendant "licked" and touched MV3's genitals including "inside." (2) MV3 reported this happened "every day" MV3 went to his house. (3) Defendant licked and touched and MV4's genitals. (4) MV3 witnessed Defendant lick MV1's genitals. (5) MV3 reported an incident where MV3 and MV1 were in bed together and Defendant licked MV1's genitals and then tried to open MV3's legs with the assistance of MV1 but MV3 was able to keep her legs together.

[13] *See* K.S.A. § 21-5506(b)(3).

[14] *See United States v. Sturm*, 673 F.3d 1274, 1283–84 (10th Cir. 2012) (declining to adopt a categorical approach because defendant did not raise the issue at the trial court).

[15] (7) Defendant spread MV3's legs. MV3 tried to kick him away but Defendant kept stopping her.

[16] *See United States v. Silva*, 889 F.3d 704, 712 (10th Cir. 2018) (citing *United States v. Lazcano-Villalobos*, 175 F.3d 838, 847 (10th Cir. 1999) (holding that the trial court is not required to expressly articulate its analysis under Fed. R. Evid. 403 on whether the probative value of the evidence under Fed. R. Evid. 404(b) outweighed the prejudicial effect)) (noting that "[t]he district court has considerable discretion in performing the Rule 403 balancing test" and "need not expressly state whether the probative value of the evidence substantially outweighed its potential for unfair prejudice" (further citations and quotations omitted)).

b.     *Res Gestae*

In addition to the aforementioned evidence's admissibility under FRE 414, it—along with other proffered evidence by the Government—is also admissible under *res gestae*. "Evidence of other crimes should not be suppressed when those facts come in as *res gestae*—as part and parcel of the proof of the offense charged in the indictment."[17] *Res gestae* evidence is permitted "when it provides the context for the crime, is necessary to a full presentation of the case, or is appropriate in order to complete the story of the crime on trial by proving its immediate context or the *res gestae*."[18] It encompasses conduct "inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act."[19]

In this case, the Government alleges that Defendant sexually abused several MVs on multiple occasions. The Government claims that on some occasions he filmed and photographed—often secretly—the MVs but on other occasions he did not. The Government argues that Defendant's purported inappropriate sexual conduct with MVs cannot be separated based on whether the conduct was recorded or not because the conduct, taken as a whole, is inextricably intertwined.

For example, the Government seeks to introduce testimony by MV3 that Defendant licked and touched her genitals *every day* she went to his house. The Court does not expect the witnesses, especially given their young ages and unawareness of being recorded, to parse out which days Defendant abused them on camera versus which days he abused them off camera.

---

[17] *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) (alterations and further citations omitted).

[18] *Id.* (citing *United States v. Masters*, 622 F.2d 83, 86 (4th Cir. 1980)).

[19] *United States v. Piette*, 45 F.4th 1142, 1155 (10th Cir. 2022) (further citations omitted).

Moreover, the Government contends that when Defendant was not "hands on" abusing the MVs, he engaged in other perverse behavior detailed in bullet points 6 and 11–13. This abuse included attempted sexual acts with the MVs,[20] solicitation of the MVs to engage in sexual acts with him,[21] and indecent exposure to the MVs.[22] Given that the alleged abuse occurred repeatedly, frequently, within a limited timeframe, and to the same victims, the Court is persuaded that presenting these additional instances of abuse is necessary context for a full presentation of the case. Thus, the Government may raise bullet points 6 and 11–13 as proper under *res gestae*.

        c.        Federal Rule of Evidence 404(b)(2)

The Court is not persuaded, however, that bullet points 14–15[23] are admissible under FRE 414, *res gestae*, or FRE 404(b)(2). FRE 404(b)(1) prohibits the introduction of "evidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But FRE 404(b)(2) allows such evidence for the purpose of showing motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. "[T]he government must precisely articulate the purpose of the proffered 404(b) evidence."[24] "A broad statement merely invoking or restating Rule 404(b) will not suffice."[25]

---

[20] (6) Defendant tried to kiss MV3's forehead.

[21] (12) Defendant solicited MV3 to "suck" and "play" with Defendant's penis but MV3 told him no. (13) Defendant "kept jiggling his private" while he solicited MV3.

[22] (11) Defendant showed MV3 his penis and told her it was a secret.

[23] (14) Defendant showed MV3 videos of Defendant "put[ting] his d-i-c-k in his wife's private" while the wife moaned. Defendant hooked his phone up to MV1's TV to show this video. (15) Defendant showed MV3 a video of an adult female masturbating.

[24] *United States v. Kearn*, 863 F.3d 1299, 1309 (10th Cir. 2017) (brackets omitted).

[25] *Id.* (brackets omitted).

The Government contends that the evidence shows how Defendant normalized certain sexual behaviors with the MVs but has not provided a significant in-depth analysis beyond repetition of the Rule's language. Moreover, the Court finds that given the nature of the MVs in this case, content depicting adult pornography or references to such is too attenuate to meet FRE 404(b)'s requirements. Therefore, the Government may not raise bullet points 14–15 because they are improper character evidence.

### 2.     *Defendant's objection to the use of the word "victim"*

Defendant asks this Court to prohibit the Government from using the word "victim" throughout the trial because doing so would violate FRE 403. Several courts across the country have overruled these objections.[26] The Court is not convinced that Defendant would suffer much prejudice—if any. It will not shock the jury to discover that the Government thinks that the Defendant is guilty of an offense. So, the fact that the Government uses the term "victim," which insinuates that Defendant is guilty of an offense, is not *unfairly* prejudicial.

Defendant also raises concerns over Government witnesses using the term "victim." But caselaw has long established that witness credibility determinations are left to the jury to decide.[27] If, for instance, the jury decides that Defendant did not commit an offense against the MVs, then the jury will decide that they were not victims. But if the jurors do decide, based on evidence and testimony, that an offense was committed, then they will necessarily believe the witnesses' characterization that there were victims. Therefore, the Court will not prohibit the Government or

---

[26] *See, e.g.*, *United States v. Loya*, 720 F. App'x 707, 708 (5th Cir. 2018); *United States v. Granbois*, 119 F. App'x 35, 38 (9th Cir. 2004); *Newsome v. Hatch*, 2011 WL 13284728, at *7 (D.N.M. Sept. 1, 2011); *United States v. Clanton*, 2024 WL 1072050, at *2 (E.D.N.Y. Mar. 12, 2024); *United States v. Patel*, 2023 WL 2643815, at *11 (D. Conn. Mar. 27, 2023).

[27] *United States v. Lopez*, 382 F. App'x 680, 687 (10th Cir. 2010) ("Concerning the evidence presented at trial, we leave credibility determinations to the province of the jury.").

its witnesses from referring to the MVs as victims. Nevertheless, Defendant's argument is preserved and if he believes that, during the course of trial, the use of the word "victim" becomes excessive, he may raise the objection again at that time.

### 3. *Defendant's objections to the Government's witnesses*

The Government lists as witnesses MVs 1–5, their mothers, the SANE, and the forensic interviewer. Defendant objects to the testimony of these witnesses on the same bases presented in his motions in limine. Specifically, Defendant seeks to prevent MVs 1–5, their mothers, and the forensic interviewer from testifying about Defendant's purported prior crimes or uncharged, collateral offenses. Additionally, Defendant argues that the SANE's testimony is irrelevant, causes unfair prejudice, confuses the issues, misleads the jury, and wastes time. Consistent with its ruling above, the Court overrules Defendant's objections to the testimony of MVs 1–5, the forensic interviewer, and the SANE.

However, when the Court asked the Government to explain its purpose for calling the mothers, it responded that their testimony was limited to identifying the children, stating the children's birthdays, and explaining how the children came to be in Defendant's care. Given that narrow scope, there should be no reason for the mothers to testify about Defendant's purported prior crimes or uncharged, collateral offenses. Thus, the Court sustains Defendant's objection to the mothers testifying about these specific issues.

**IT IS THEREFORE ORDERED** that the Government's Motion to Permit a Comfort Item for Testifying Minors (Doc. 43) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Government's Notice of Intent to Introduce Evidence (Doc. 44) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Admit Evidence Pursuant to Fed. R. Evid. 803(4) (Doc 45) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Admit Evidence Pursuant to *Res Gestae*, Fed. R. Evid. 414, and Fed. R. Evid. 404(b) (Doc. 46) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that the Government's Motion to Read Jury Instructions at the End of Trial (Doc. 47) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Consolidated Motions in Limine (Doc. 53) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Defendant's Objections to the Government's Witness List (Doc. 59) is **GRANTED in part** and **DENIED in part**.

**IT IS SO ORDERED.**

Dated this 15th day of August, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE