## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        *Plaintiff,*

v.                                                        Case No. 23-10072-EFM

BRETT MORGAN,

        *Defendant.*

### MEMORANDUM AND ORDER

This matter comes before the Court on the Government's Motion for Appointment of Guardian ad Litem Pursuant to 18 U.S.C. § 3509(h)(1) (Doc. 93). Defendant was convicted of several counts of sexual exploitation of a child. The present motion relates to one of the victims, Minor Victim 1 ("MV1"). MV1 is entitled to restitution, but her custodian has not requested restitution on MV1's behalf. Thus, the Government moves the Court to appoint a guardian ad litem to aid MV1 in her restitution claim. Defendant opposes the motion (Doc. 109). For the reasons stated in more detail below, the Court grants the Government's motion.

Restitution for a victim of child sexual exploitation is mandatory and "[i]n the case of a victim who is under 18 years of age . . . the legal guardian of the victim . . . another family member, or any other person appointed as suitable by the court, may assume the crime victim's

rights under this section."[1] Generally, "[t]he court may appoint . . . a guardian ad litem for a child who was a victim of . . . a crime involving abuse or exploitation to protect the best interests of the child."[2] However, "[t]he guardian ad litem shall not be a person who is . . . a witness in a proceeding involving the child for whom the guardian is appointed."[3]

In the context of 18 U.S.C. § 3509, the Court did not discover any caselaw establishing when appointing a guardian ad litem is appropriate other than when it is in the "best interests of the child." However, although this is a criminal case, Fed. R. Civ. P. 17(c)'s jurisprudence— dealing with minor parties in the civil context—provides some helpful guidance. Courts have a general duty to protect the interests of infants and incompetents, and "[w]hen the court determines that the interests of the infant and the infant's legal representative diverge, appointment of a guardian ad litem is appropriate."[4] Further, a court should appoint a guardian ad litem when "(1) the parent is unable or uninterested in representing the minor child in litigation; or (2) the parent's and child's interests are in direct conflict."[5]

Here, borrowing the reasoning related to Fed. R. Civ. P. 17(c), it appears that both conditions for when the Court should exercise its discretion to appoint a guardian ad litem are present. First, MV1's custodian has not requested restitution on behalf of MV1. Thus, she appears "unable or uninterested in representing" MV1 in her restitution claim. Second, the Government has asserted that there may be a conflict due to MV1's custodian's prior relationship with

---

[1] 18 U.S.C. § 2259(c)(4).

[2] 18 U.S.C. § 3509(h)(1).

[3] *Id.*

[4] *Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989).

[5] *Parada v. Pennington*, 2022 WL 16855643, at *3 (D. Utah Nov. 10, 2022).

Defendant. In his response, Defendant asserts that MV1's custodian's previous relationship with Defendant does not show that she continues to hold allegiance to Defendant. Further, Defendant contends that MV1's custodian offered testimony against Defendant at trial.

Defendant's argument is unpersuasive for two reasons. First, because either condition warrants the appointment of a guardian ad litem, even if the Court was convinced that MV1's custodian was not conflicted in advocating for MV1's best interests, her failure to submit a request on MV1's behalf makes it appear that she is "unable or uninterested" in doing so. Second, 18 U.S.C. § 3509 prohibits the court from appointing a guardian ad litem "who is . . .a witness in a proceeding involving the child for whom the guardian is appointed." Although MV1's custodian was not appointed by the Court, the concern implied in § 3509's prohibition is present in MV1's custodianship: MV1's custodian was a witness at trial. Because the Court would be prohibited from appointing MV1's custodian as MV1's guardian ad litem under § 3509, it stands to reason that MV1's witness-status should cause the Court to be similarly skeptical of MV1's custodian's ability to act in MV1's best interests.

In sum, it is in MV1's best interests to make a restitution request. Because MV1's custodian has not made such a request, it is difficult to see how MV1's custodian is acting in MV1's best interests. It would be consistent with the duties of a guardian ad litem to "marshal and coordinate the delivery" of MV1's restitution claim.

**IT IS THEREFORE ORDERED** that the Court **GRANTS** the United States' Motion for Appointment of Guardian ad Litem Pursuant to 18 U.S.C. § 3509(h)(1) (Doc. 93).

**IT IS FURTHER ORDERED** that, no later than December 16, 2024, each party identify a prospective guardian ad litem to represent MV1 in resolving her restitution claim.

**IT IS SO ORDERED**.

Dated this 9th day of December, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE