IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATE OF AMERICA,

    *Plaintiff*,

v.

BRETT MORGAN,

    *Defendant*.

Case No. 23-CR-10072-EFM

**MEMORANDUM AND ORDER**

On August 21, 2024, a jury found Defendant Brett Morgan guilty of nine counts of sexual exploitation of a child and one count of possession of child pornography. On November 19, 2024, the Government moved to bifurcate Defendant's restitution from sentencing, which the Court granted. Defendant was sentenced on November 25, 2024. At the sentencing hearing, the Court found that Defendant owed restitution and scheduled a restitution hearing for a later date. On March 17, 2025, the Court held a hearing to determine the restitution amounts. For the reasons stated below, the Court reduces the restitution amounts the Government requested.

**I.    Legal Standard**

The Government has the burden of proving "the amount of loss sustained by a victim as a result of the offense" under the preponderance of the evidence standard.[1] The district court has "discretion in fashioning a restitution order"[2] and "must assess as best it can from available

---

[1] 18 U.S.C. § 3664(e).
[2] 18 U.S.C. § 3664(a).

evidence the significance of the individual defendant's conduct in light of the broader causal process that produced the victim's losses."[3] This approach "involves discretion and estimation," and restitution orders should not be arbitrary or capricious.[4]

There is no dispute that Defendant created or attempted to create child pornography, and the Court finds that his actions proximately caused at least a portion of each of the victims' damages.[5] Thus, the question for the Court is the amount of restitution to award each of the five victims.

## II. Analysis

The Government requests a total of $371,703.72 in restitution for five Minor Victims ("MVs") who have submitted requests. The Government requests $33,000.00 for MV1; $42,920.00 for MV2; $75,693.72 for MV3; $109,965.00 for MV4; and $110,125.00 for MV5. However, the evidence the Government presented to the Court in support of its figures is woefully inadequate to carry its burden, even by a preponderance of the evidence standard. Thus, the Court reduces the requested restitution amounts as explained below.

### A. Minor Victim 1

The Government contends that MV1 is entitled to $33,000.00 in restitution. For evidence of MV1's restitution amount, the Government presents a two-page report from the victim's guardian ad litem. The report presents a vague, opaque, narrative discussion filled with generalities. For example, the report says, "a minor sexual abuse trauma will need weekly or as

---

[3] *Paroline v. United States*, 134 S. Ct. 1710, 1727–28 (2014).

[4] *Id.* at 1729.

[5] *Id.* at 1722 ("Restitution is therefore proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses.").

needed therapy, but a minimum of twice per month." But later the report states, "With early intervention MV1 may not need as much therapy." The report also says, "therapeutic needs to change with life events, such as marriage, intimate relationships, childbirth, etc. Also, any life event could trigger mental health needs or the onset of symptoms of PTSD."

The Government argues that its request for $33,000.00 is calculated by assuming MV1 attends therapy twice per month at a rate of $150.00 until she reaches the age of 18 (which would be in 9 years and 2 months). However, the report has no support of any therapy end date. The Government presents no evidence that MV1 needs therapy for the next 9 years, and in fact suggests that she may need more therapy for life events that usually occur after the age of 18. Thus, the Government's evidence is mere speculation at best, and the Court cannot use it to justify a $33,000.00 restitution award. The report best supports MV1's need for limited therapy, which this Court cannot assume beyond one year. Therefore, the Court will award MV1 $3,600.00 ($150/session × 24 sessions/year × 1 year).

**B.     Minor Victim 2**

The Government contends that MV2 is entitled to $42,920.00 in restitution. MV2's therapist outlined in a letter the approximate expenses for therapeutic services. She stated that the cost of therapy without insurance is $145.00 per session. MV2 has been attending weekly therapy sessions since August 10, 2023. At the time the therapist wrote her letter—November 7, 2024—MV2 had incurred $8,120.00 in therapy costs. The therapist recommended at least one more year of therapy, which would bring the total cost of services to $15,080.00.

From the therapist's statement of MV2 needing "at least one more year of therapy," the Government extrapolated that MV2 needed five more years of therapy, or until she turned 18. The report, however, does not draw that conclusion. Thus, the Court will award MV2 the cost of two years of therapy at one session per week, which covers her incurred costs and her projected costs

based on the therapist's report. This amount totals $15,080.00 ($145/session × 52 sessions/year × 2 years).

### C.     Minor Victim 3

The Government contends that MV3 is entitled to $75,693.72 in restitution. Defendant argues that the Court should reduce MV3's restitution award by the amount covered by Medicaid. MV3's therapist charges $160.00 per hour, and Medicaid covers $102.92, or 64% of the cost. Therefore, Defendant argues that restitution should be limited to the amount incurred by MV3, which would be $57.00 per session, or 35% of the cost.

Under 18 U.S.C. § 2259(b)(1), "the order of restitution . . . shall direct the defendant to pay the victim . . . the full amount of the victim's losses." This includes "any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim."[6] Defendant cites *United States v. Follet* as authority for interpreting this statutory language.[7] There, the Ninth Circuit held that "a cost for which the victim will never have to pay because the services will be provided directly by a governmental or charitable organization is not 'incurred' by the victim."[8] The court also reasoned that "[o]ne does not ordinarily 'lose' an amount of money she will under no conceivable circumstances be required to pay, although someone else [i.e., Medicaid] will."[9] Thus, the court held that the Defendant was not responsible for paying the victim for expenses she neither incurred nor amounts she did not lose.

The Government did not respond to the logic of this argument; rather, it argued that the evidence indicates no payments have been made by either MV3 or Medicaid. So, the Government

---

[6] 18 U.S.C. § 2259(c)(2).

[7] 269 F.3d 996 (9th Cir. 2001).

[8] *Id.* at 1000.

[9] *Id.*

inferred that Medicaid did not cover the sessions. Defendant argued that there is no evidence that Medicaid has not made payments, and there is also no evidence that MV3 has incurred any costs.

The burden is on the Government to prove the amount of loss sustained by a victim. Here, the only evidence the Court has is a letter from MV3's therapist stating, "[MV3] uses Medicaid insurance currently (they reimburse the $102.92 per 4 units ~ hour)." There is no evidence indicating that MV3 has incurred—i.e., paid—$160.00 per session. Moreover, the evidence indicates that at least 64% of the cost for the services rendered were, or will be, paid for directly by a governmental organization. As such, the Court reduces the restitution amount per session from $160.00 to $57.00.

Additionally, the Government argues that MV3 has projected losses in the amount of $74,880.00. Currently, MV3's therapist says that MV3 is attending weekly therapy sessions. As of November 2024, MV3 had attended nine treatment sessions and one evaluation. Based on this information, the Government again assumes that MV3 will require therapy until she turns 18 years old. The presented evidence, however, does not support this assertion. In fact, the therapist stated, "we don't know [MV3] well enough to know how long she will require OT services." Thus, the Court can only grant restitution for MV3's incurred costs; it cannot grant any projected costs because no evidence was submitted to support that MV3 has any projected costs. As such, the Court reduces MV3's restitution award to cover only her incurred costs of $570.00 ($57/session × 10 sessions (9 treatments & 1 evaluation)).

D.     **Minor Victims 4 & 5**

The Government contends that MV4 is entitled to $109,965.00 in restitution, and MV5 is entitled to $110,125.00 in restitution. MV4 and MV5 have been attending therapy since August 30, 2023. MV4's incurred cost of therapy as of November 14, 2024, is $4,665.00. MV5's incurred cost of therapy as of November 14, 2024, is $4,825.00. MV4 and MV5's therapist recommends

the victims attend weekly therapy for five years following the traumatic events and continue to attend therapy throughout their lifespans. The therapist expects the additional therapy to last "at minimum a year." However, in her breakdown, she provides the cost of four years of additional therapy.

The Court is not satisfied that the report adequately demonstrates the need for an additional four years of therapy after the initial five years. The report does detail the need for therapy following the victims' sexual development, when they consider marriage, when they have children, and when their children are the same age as they were when the abuse occurred. But no analysis has been provided explaining why each of those events individually requires 52 independent sessions. Thus, the Court grants the initial restitution request for five years of therapy but reduces the additional request for therapy to one year.

MV4 and MV5's therapist charges $225.00 per session and issued Medicaid a statement for $150.00 per session—meaning the victims' plan covers about 66% of therapy costs. Presumably, the victims are made to bear the remaining 33% of the cost, which is $75.00 per session. Therefore, MV4 and MV5 are each entitled to restitution for their portions of therapy costs over six years, totaling $23,400.00 ($75/session × 52 sessions/year × 6 years).

**IT IS THEREFORE ORDERED** that Defendant Brett Morgan is directed to pay restitution to Minor Victim 1 in the amount of $3,600.00.

**IT IS FURTHER ORDERED** that Defendant Brett Morgan is directed to pay restitution to Minor Victim 2 in the amount of $15,080.00.

**IT IS FURTHER ORDERED** that Defendant Brett Morgan is directed to pay restitution to Minor Victim 3 in the amount of $570.00.

**IT IS FURTHER ORDERED** that Defendant Brett Morgan is directed to pay restitution to Minor Victim 4 in the amount of $23,400.00.

**IT IS FURTHER ORDERED** that Defendant Brett Morgan is directed to pay restitution to Minor Victim 5 in the amount of $23,400.00.

**IT IS SO ORDERED.**

Dated this 19th day of March, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE